# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**RONALD JAY HENDERSON SR.**                                                              **PLAINTIFF**

v.                                                              **CIVIL ACTION NO. 4:17-CV-P155-JHM**

**TOMMY OATS** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Ronald Jay Henderson Sr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the complaint but allow Plaintiff an opportunity to amend the retaliation claim.

## I. SUMMARY OF COMPLAINT

Plaintiff is a convicted prisoner currently incarcerated at the Larue County Detention Center. His complaint, however, raises claims arising during his detention at the Muhlenberg County Detention Center (MCDC). He brings this action under 42 U.S.C. § 1983 against MCDC Deputy Tommy Oats and Jailer Mark Curry in their official capacities. Plaintiff alleges a privacy violation and retaliation and seeks punitive damages.

According to the complaint, in September 2017 while Plaintiff was at MCDC "[a]t or around the hour of 12:30 am[,] . . . the entire cell was awaken and taken to the front of the jail. By Deputy Vancleve and [Defendant] Deputy Oats." Plaintiff reports that he was taken to the "First Drunk tank cell on the left" and told by Defendant Oats to remove all clothes and turn around. Plaintiff reports that the drunk tank had a camera so he asked if he could be taken to a "dress out room were there was no camera." He states, "I was told by deputy Oats to just remove my cloths or go to the hole and spend the remainder of my time. He stated he did not have time to be F***ing with me. Just take off your d**n cloths so we can get all this over

with." Plaintiff reports doing as instructed but that it was "very humiliating and made me very uncomfortable."

Plaintiff indicates, "I filed a grievance to the jailer [Defendant] Curry and was placed in the whole under observation on the 21st of October. And was later shipped . . . to Daviess County Detention Center on October 31st out of retaliation to the grievance. . . . 1 hour from my home my mother who is Disabled." Plaintiff states that Defendant Curry called him to the booking desk on October 29, in the presence of four deputies, "and ask myself to drop the grievance and I refused." He further states that Defendant Curry asked him about information "I had given [Deputy] Groves about methamphetamine being brought into the jail at the Class D, He said what was going on in his class D wasnt any of my buisness and if I didnt drop my claimes he would make sure I was somewhere I wouldnt want to be."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v.*

3

*Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Strip Search

Claims based upon an illegal strip search are usually analyzed under the Fourth and/or Eighth Amendments. Here, however, Plaintiff's allegations fail to state a constitutional violation. *See, e.g.*, *Hubbert v. Myers*, No. 92-1232, 1993 WL 326707, at *1 (6th Cir. Aug. 26, 1993) (affirming summary judgment against a plaintiff who alleged that the defendants "conducted a strip search which was taped by a video camera operated by a female employee" in violation of the Fourth, Eighth, and Fourteenth Amendments); *Sanchez v. Bauer*, No. 14-CV-02804-MSK-KLM, 2015 WL 5026195, at *6 (D. Colo. Aug. 26, 2015) (finding allegation that the plaintiff was "video recorded" while he was strip searched failed to state a Fourth Amendment claim); *Smith v. City of N.Y.*, No. 14 Civ. 5934(JCF), 2015 WL 3929621, at *2 (S.D.N.Y. June 17, 2015) (recognizing that "neither the presence of cameras nor the presence of other inmates and employees of a correctional facility makes an otherwise constitutional strip search unconstitutional"); *Peek v. City of N.Y.*, No. 13-cv-4488 (AJN), 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014) (dismissing a Fourth Amendment claim based on a strip search in front of a camera because "[w]ithout more . . . the presence of a camera at a strip search does not amount to a constitutional violation"); *Cf. Cornwell v. Dahlberg*, 963 F.2d 912, 917 (6th Cir. 1992) (holding that prisoners subjected to an outdoor strip search in front of a number of female officers created the question of a constitutional violation).

In light of this jurisprudence, the Court finds that Plaintiff's allegation that he was strip searched in a drunk tank with a camera fails to establish a violation of his constitutional rights.

### B. *Retaliation*

Plaintiff alleges, "I filed a grievance to the jailer [Defendant] Curry and was placed in the whole under observation on the 21st of October. And was later shipped . . . to Daviess County Detention Center on October 31st out of retaliation to the grievance." Plaintiff sues Defendant Curry only in his official capacity.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claim against Defendant Curry, therefore, actually is brought against Muhlenberg County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not allege Defendant Curry retaliated against him based on a policy or custom of Muhlenberg County. Nothing in the complaint indicates that any alleged harm occurred as a result of a policy or custom implemented or endorsed by the county. The complaint, thus, fails to establish a basis of liability against Muhlenberg County and fails to state a cognizable § 1983 claim. Accordingly, the retaliation claim against Defendant Curry in his official capacity will be dismissed.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his retaliation claim to sue Defendant Curry in his individual capacity.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the strip-search claim and the official-capacity retaliation claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **As all claims against Defendant Oats are dismissed, the Clerk of Court is DIRECTED to terminate him as a party to this action**.

**IT IS FURTHER ORDERED** that within <u>30 days</u> from the entry date of this **Memorandum Opinion and Order, Plaintiff may file an amended complaint** to sue Defendant Curry in his individual capacity.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

Date: May 1, 2018

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Muhlenberg County Attorney
4414.005